John Meyer, MT Bar # 11206
Cottonwood Environmental Law Center
P.O. Box 412 Bozeman, MT 59771
(406) 546-0149 | Phone
John@cottonwoodlaw.org

*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE  DIVISION

| | |
|---|---|
| COTTONWOOD ENVIRONMENTAL LAW CENTER, <br><br> Plaintiff, <br><br>       vs. <br><br> MARY ERICKSON, in her official capacity as Forest Supervisor of the Custer Gallatin National Forest; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture <br><br> Defendants. | Case No. CV-22-05-BU-BMM-JTJ <br><br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## INTRODUCTION

1.   Climate change is the most existential threat facing humanity.

2.   This case challenges the Custer Gallatin National Forest's failure to protect the public from climate change.

3.   More carbon is stored in forests than in anywhere else but the oceans, and the United States has the world's fourth largest forest estate, behind only Russia, Brazil, and Canada.

4.   The importance of carbon storage capacity of the earth's forests is tied to their role in removing atmospheric carbon that is contributing to ongoing global warming.

5.   The top three anthropogenic (human-caused) contributors to greenhouse gas emissions (from 1970-2004) are: fossil fuel combustion, deforestation, and agriculture. Land use change, primarily the conversion of forests to other land uses (deforestation) is the second leading source of human-caused greenhouse gas emissions globally.

6.   The Forest Service previously determined that it needed to revise its 1987 Custer Gallatin Forest Plan because "[d]irection guided by new information and science is needed to address impacts reasonably expected to occur as a result of climate change." FEIS Ch. 1 p. 5.

7.   "A key assumption" in the Environmental Impact Statement ("EIS") for the 2022 Custer Gallatin Forest Plan "is that the forestland will not be converted to a non-forest condition after harvesting and will remain productive." FEIS Vol. IV at 20.

8.  On June 9, 2020, Cottonwood provided Defendant Erickson with a 2017 article from the National Academy of Sciences that states "when thinning is combined with the expected warming, unintended consequences may ensue, whereby regeneration is compromised and forested areas convert to nonforest." Tania Schoennagel, *Adapt to More Wildfire in Western North American Forests as Climate Changes*, PROCEEDINGS OF NATIONAL ACADEMY OF SCIENCES, April 17, 2017, 114 (18) 4586.

9.  The Forest Service violated the National Environmental Policy Act ("NEPA") by failing to disclose and analyze the contradictory science found in the NATIONAL ACADEMY OF SCIENCES article in its NEPA analysis for the 2022 Revised Custer Gallatin Forest Plan. *See* FEIS Vol. IV at 214; FEIS Vol. III at 434 (References cited).

10. The Custer Gallatin started logging three old growth timber sales—the Bozeman Municipal Watershed project, North Bridger project, and North Hebgen project—before the Forest Plan revision was complete.

11. According to the Record of Decision for the BMW project:

> This proposal does not fall within any of these primary contributors of global greenhouse gas emissions nor is it similar to the primary human activities exerting negative pressure on the carbon sink that currently exists in U.S. forests. The affected forests will remain forests, not converted to other land uses, and long-term forest services and benefits will be maintained.

ROD at 44-45.

12. Defendants violated NEPA by failing to take a hard look at the impacts of logging when combined with climate change in the revised Custer Gallatin National Forest Plan and associated analysis.

13.  The Forest Service's implementation of the Revised Forest Plan through three site-specific old growth timber sales is a violation of NEPA.

## JURISDICTION

14.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §2201 (Declaratory Judgment Act), 5 U.S.C. §§ 701-706, et. seq. (Administrative Procedure Act), and the National Environmental Policy Act (NEPA) 42 U.S.C. § 4321 et seq.

15. The federal government has waived sovereign immunity and the court has jurisdiction to hear this action pursuant to 5 U.S.C. § 701-706.

16. An actual controversy exists between Plaintiff and Defendants. Plaintiff's members use the Gallatin National Forest for survival in the form of carbon sequestration. Plaintiff's members also use Project areas that are being loggeed for hiking, fishing, hunting, camping, photography, horseback riding and engaging in other vocational, scientific, spiritual, and recreational activities.

17. Plaintiffs' members intend to continue to use and enjoy the Custer Gallaitn National Forest and Project areas frequently and on an ongoing basis in the future.

18. Implementation of the 2022 Revised Custer Gallatin Forest Plan through the Bozeman Municipal Watershed, North Hebgen, and North Bridger Forest Health Projects will cause irreparable harm to Cottonwood members' interest in self-preservation as well as their aesthetic, recreational, scientific, spiritual, conservation, and educational interests. These are actual and concrete injuries caused by

4

Defendants' failure to comply with mandatory duties under NEPA and the APA. The requested relief would redress these injuries and this Court has the authority to grant Plaintiffs' requested relief.

## VENUE

19. Venue is proper in the United States District Court for the District of Montana pursuant to 28 U.S.C. § 1391(e). Plaintiffs are located in Bozeman and within the Butte Division of the United States District Court for the District of Montana. Defendant Erickson is the Forest Supervisor of the Custer Gallatin National Forest. Her office is located within the Butte Division of the United States District Court for the District of Montana. Venue is also proper under Rule 3.2 of the Local Rules of Procedure of the United States District Court for the District of Montana.

## PARTIES

20. Plaintiff Cottonwood Environmental Law Center is a conservation organization dedicated to protecting the people, forests, water and wildlife in the West. Cottonwood is based in Bozeman, Montana. Cottonwood members have visited the Project areas for years and have aesthetic, recreational, spiritual, scientific, and conservation interests in the Custer Gallatin National Forest, including the Bozeman Municipal Watershed Project area, North Bridger Forest Health, and North Hebgen Project areas. Cottonwood members have suffered and will continue to experience concrete injuries to their self-preservation as well as their aesthetic,

conservation, scientific, spiritual, and recreational values because the Defendants have failed to take a hard look at the NEPA analysis for the Custer Gallatin National Forest Plan and its implementation via the Bozeman Municipal Watershed Project, North Bridger Forest Health, and North Hebgen Project areas.

21. Defendant Mary Erickson is the Forest Supervisor of the Custer Gallatin National Forest. Defendant Erickson is being sued in her official capacity.

22. Defendant United States Forest Service ("Forest Service") is an administrative agency within the United States Department of Agriculture, entrusted with the management of our National Forests.

## STATUTORY BACKGROUND

23.  "NEPA declares a broad national commitment to protecting and promoting environmental quality." *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 348 (1989).

24. NEPA "prohibits uninformed-rather than unwise-agency action." *Robertson*, 490 U.S. at 351.

25. "The procedures prescribed both in NEPA and the implementing regulations are to be strictly interpreted to the fullest extent possible in accord with the policies embodied in the Act." *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 349 F.3d 1157, 1166 (9th Cir. 2003) (citations and internal quotations omitted).

26. To fulfill their obligations to protect the environment, Federal agencies must

take a "hard look" at the environmental consequences of their actions. *Marsh v, Oregon Natural Resources Council*, 490 U.S. 360, 374 (1989).

27. An agency fails to take a "hard look" when it has offered an explanation that runs counter to the evidence before it. *Friends of Clearwater v. McAllister*, 214 F. Supp. 2d 1083, 1087 (D. Mont. 2002) (internal citation omitted).

## PROCEDURAL BACKGROUND

28. The Record of Decision for the revised Gallatin National Forest Plan was signed by Forest Supervisor Mary Erickson on January 28, 2022.

29. The Forest Service issued a ROD for the BMW Project on November 29, 2011, issued a Decision Memo for the North Bridger Forest Health Project on August 27, 2018, and issued a Decision Notice and Finding of No Significant Impact for the North Hebgen project on June 29, 2017.

30. The BMW Project implemented a "site specific Forest Plan Amendment for visual quality." (ROD page 7).

31. This District Court for the District of Montana enjoined the BMW Project on June 25, 2013 and lifted the injunction on April 20, 2020. *All. for Wild Rockies & Native Ecosystems Council v. Marten*, CV 12-55-DLC, 2020 WL 1915128 (D. Mont. Apr. 20, 2020).

32. The District Court for the District of Montana denied Alliance's motion to enjoin the North Bridger Forest Health Project on June 3, 2020. *All. for the Wild Rockies v. Marten*, CV 19-102-M-DWM, 2020 WL 2949866 (D. Mont. June 3, 2020).

33. The Forest Service issued a Decision Notice and Finding of No Significant Impact for the North Hebgen project in June 2017.

34. The District Court for the District of Montana enjoined the North Hebgen timber sale on June 27, 2018. *Native Ecosystems Council v. Marten*, 2018 WL 3178145 (June 27, 2018, D. Mont.)

35. The District Court lifted the injunction on June 9, 2020. *Native Ecosystems Council v. Marten,* 2020 WL 3064496 (June 9, 2020, D. Mont.)

## CLAIM FOR RELIEF

**I.     The Forest Service violated NEPA by failing to take a hard look at the impacts of the Revised 2022 Custer Gallatin Forest Plan and its implementation.**

36. Plaintiff incorporates all prior paragraphs.

37. The Environmental Impact Statement for the 2022 Custer Gallatin Forest Plan states "[a] key assumption" of the Forest Service's carbon and climate change analysis "is that the forestland will not be converted to a non-forest condition after harvesting and will remain productive." FEIS Vol. IV at 20.

38. The NEPA analysis for the Revised Forest Plan did not consider the 2017 National Academy of Sciences Article that states "when thinning is combined with the expected warming, unintended consequences may ensue, whereby regeneration is compromised and forested areas convert to nonforest." Tania Schoennagel, *Adapt to*

*More Wildfire in Western North American Forests as Climate Changes*, PROCEEDINGS OF

NATIONAL ACADEMY OF SCIENCES, April 17, 2017, 114 (18) 4586.

39. The NEPA analysis for the Bozeman Municipal Watershed Project, the North

Bridger Project, and the North Hebgen Project did not consider the 2017 National

Academy of Sciences Article that states "when thinning is combined with the

expected warming, unintended consequences may ensue, whereby regeneration is

compromised and forested areas convert to nonforest." Tania Schoennagel, *Adapt to*

*More Wildfire in Western North American Forests as Climate Changes*, PROCEEDINGS OF

NATIONAL ACADEMY OF SCIENCES, April 17, 2017, 114 (18) 4586.

40. The Forest Service violated NEPA by failing to take a "hard look" at the

impacts of the Forest Plan.

41. The Forest Service violated NEPA by failing to take a hard look at the impacts

of implementing the Forest Plan through the BMW, North Bridgers, and North

Hebgen timber sales.

## REQUESTS FOR RELIEF

For all the above-stated reasons, Plaintiff respectfully requests that this Court:

A. Declare that the Forest Service violated the law;

B. Partially vacate the portions of the 2022 Revised Forest Plan and associated
   NEPA analysis that are arbitrary;

C. Vacate and Enjoin the three old growth timber sales that rely on the
   arbitrary 2022 Revised Forest Plan and associated NEPA analysis;

D. Award Plaintiffs their costs, expenses, expert witness fees, and reasonable attorney fees under the EAJA; and

E. Grant Plaintiff such further relief as may be just, proper, and equitable.

Respectfully submitted this 4th day of February, 2022.

/s/ John Meyer
JOHN MEYER

*Attorney for Plaintiff*